Seawell, J.
I cannot concur in the opinion which my brethren entertain on the present question: For it seems to me, that in dismissing this certiorari, we are giving up the end for the means, and sacrificing the substance to the shadow. It appears that the affidavit upon which the writ issued, was retained by the Judge, and that the one which is now to be considered, was made by the defendant Smith, from the best of his recollection: this affidavit charges that the judgment was obtained in the county court, out of the ordinary rules of practice, and in the absence of himself and his witnesses; and that he defended his own cause in person, and had put in the plea of usury: and moreover states, that the transaction was usurious. The plaintiff moves to dismiss the certiorari upon the joint affidavit of Mr. Mears and Mr. Davis; and this affidavit, at most, only states that causes were sometimes tried on Monday by consent.
Now, the defendant Smith was entitled by law to defend his own cause, and if according to the course of practice his consent was necessary to the trial of his cause, he had a right to withhold it, and was therefore under no obligation to attend the first day. So far then it is apparent a judgment has been irregularly taken: and all nigh cuts or extraordinary proceedings, which are calculated to elude a full examination, are the strongest evidences of want of merits. *79 If the claim was well founded, a judgment on the next day would have answered every purpose.
But it seems, in the opinion of a majority of the court, that it behoved Smith to state in his affidavit the reason he did not appeal to the superior court. I ask why was it necessary (for at one time it probably might have been important) ? The answer will show how important it is at this stage. Whenever an individual applies for assistance, which it is in the discretion of the court to grant; the bare circumstance of his not having pursued a plain remedy he was of right entitled to, and which it was convenient to do, raises a presumption that his claim is groundless, and that his object is vexation and delay: and whilst such presumption exists, the court deem it unjust to interpose. But whenever the presumption arising from such circumstances is removed by an explanation, and the court is enabled to perceive the applicant has merits, it is the anxious office of a court of justice to afford its aid. If the plaintiff had produced no affidavit to rebut the charges of the defendant, and the affidavit in court had been the original one, or if the original was not before the court through the neglect or default of defendant, the case then would have been widely different.
But he has thought proper to answer the defendant, and from this answer it appears evident, that the first impropriety commenced on his own side, in obtaining the judgment; and it is material to observe that this affidavit, made by officers of the county court, does not even hint at the opportunity defendant had to appeal: from which it may be inferred, that the original affidavit did explain that reason; and that it was known to these gentlemen the defendant had it not then in his power. The court, then, which is moved to dismiss the certiorari, is obliged to perceive that there is the strongest evidence of the injustice of the plaintiff’s cause, upon record, arising from his own conduct as a wrong *80 doer; whilst it is called upon to suppress all further enquiry on account of a subsequent irregularity or neglect of the defendant, the injured person.
There is something further in this case worthy to be noticed. The plaintiffs have lodged in the office an affidavit which has travelled with the papers to this court, as appears, altogether unauthorised. This affidavit is made after the hearing in the superior court, when it is fair to presume the plaintiffs had a copy of the affidavit of defendant before them. By this affidavit, the plaintiffs do not presume to deny the usury charged by defendant, but are particularly careful to answer respecting the manner of obtaining the judgment.
This affidavit, however, the other members of the court seem disposed to lay out of view. This, I think, should be the case as to every purpose for which the plaintiff would use it; but as to every other, to allow the defendant all the benefit he can derive from it. The plaintiff, by his own act, has made it a part of the case, so far as it may operate against him, and to that end it should now be considered in the same manner as any other fact which appeared from the record, though not noticed in the trial below.
The case, then, may be thus simplified. The party asking the assistance of this court to be relieved from an unjust recovery, has acted in such way, as at one stage in the proceedings, would have cast suspicion upon the justice of his case, and implied a disposition to delay; who is now turned out court on account of this presumption, with an admission upon record, (for it is not denied) that his complaint was well founded. The court, in its discretion, say to the defendants, “ depart hence, we hear you no farther; for though it is admitted by the plaintiff, that the judgment you complain of was irregularly and unfairly obtained, and upon a contract forbidden by law; yet as you, on your part, in making out your case, did at one time act in such way as would imply you had no right to complain, this presumption shall over *81 turn the fact, and the temple of justice shall be shut against you.”
Courts of law, when called upon to afford an extraordinary remedy, act upon the same principles as a court of equity: and suppose a bill should be filed in a court of equity to be relieved from a judgment, which was charged to be had on a bond that was paid, and the bill should set forth no circumstances why the complainant did not make defence at law? It will readily be admitted that a demurrer to the bill would be allowed, and the complainant would then share the same fate with these defendants; but suppose, instead of demurring, the defendant should answer and admit that the bond was paid, and that the judgment was unjust, would a court of equity dismiss the bill? It certainly would not, but would enjoin the plaintiff at law perpetually. Or suppose the bill was to open an account without pointing out the errors, and defendant should admit the mistake, it is apprehended the court would retain the bill in both cases. And it should be remembered, when a party moves to dismiss upon the strength of his affidavit, every thing which is not denied is then to be taken as admitted. And after all, it may be that the original affidavit steered clear of the objection to the present; that it was no part of the defendant’s duty to have this forthcoming; and it is not presumable, a certiorari would have been granted upon one which, when it was made, seemed for the sake of delay, and was therefore to be presumed false. It therefore seems to me, there has been a scrupulous regard to the form of proceeding at the manifest expence of the justice of the case, without keeping in view that the great design of a court of justice is to afford to every citizen the full benefit of the laws, and that rules which courts have adopted are nothing else than instruments to effect that purpose, and that as it is evident the plaintiffs, by this irregularity, have deprived the defendants of all defence in an action founded upon an illegal contract, *82 this court should allow that benefit which was improperly withheld: and more especially in a case like the present, where every thing should be presumed against the plaintiffs, on account of the course they have pursued; and who now are straining to stifle a fair hearing, by which the defendants, if injured, are cut off from all redress. The plaintiffs, however, if they have a right to recover, run no risk. The defendants must give security to perform the judgment of the court, and if, really, they have no defence, the plaintiff will recover again. If the plaintiff has recovered upon an unlawful contract, it is meet the laws should be respected; and as to delay, the plaintiff has brought it on by his own conduct. It was said during the discussion of this case, that it appeared by defendant Smith’s own statement, that the usury complained of, did not relate to any part of his contract, and therefore he could not take advantage of it; that if he made a note bona fide to Walker, and Walker negotiated upon an usurious contract with plaintiffs, Smith could not avoid it. This may be true and yet not material in this case, because this is somewhat strangely, a joint, action, and at least Walker, one of the defendants, was entitled to the benefit of the plea: and although the proposition may be true in case of a bona fide note by Smith to Walker, when it comes to the hands of a subsequent innocent purchaser, who is not to be affected by an intermediate indorsement upon usurious consideration, yet this case is certainty different in one of the particulars; for the note is first negociated to the plaintiffs agent upon a usurious consideration, and it is the usurer who is plaintiff and not the fair purchaser; and it may be different without impugning the affidavit of Smith in another; for if the note was originally made by Smith to Walker, upon an agreement with both them, and the plaintiff's agent to elude the statute of usury, the whole transaction would be clearly void. In whatever point of view, therefore. I am capable of considering the case, I am of opinion the certiorari should be retained and a trial de novo awarded.